UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ESTHER WATSON**                               **CASE NO. 3:20-CV-00527**

**VERSUS**                                      **JUDGE DOUGHTY**

**SCHOOL BOARD OF FRANKLIN PARISH**             **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss the claims against Defendants Eddie Ray Bryan, Ronnie Hatton, Danny Davis, Richard Kelly, Louise Johnson, Tim Eubanks, Dorothy Brown, former Superintendent Lanny Johnson, and his successor for failure to state a claim upon which relief can be granted. [doc. # 5]. The motion is not opposed. For reasons detailed below, it is recommended that the motion be **GRANTED** and the claims under Title VII of the Civil Rights Act of 1964 against Superintendent Lanny Johnson and his successor, Eddie Ray Bryan, Ronnie Hatton, Danny Davis, Richard Kelly, Louise Johnson, Tim Eubanks, and Dorothy Brown in their individual capacities be **DISMISSED, reserving plaintiff's official capacity** claims against Superintendent Lanny Johnson and his successor.

### Background

On April 28, 2020, Esther Watson filed the instant petition for monetary damages and other equitable relief against several defendants in the United States District Court for the Western District of Louisiana. [doc. #1]. The parties named as Defendants were the Franklin Parish School Board, Superintendent Lanny Johnson and his successor ("Superintendent"), and the following Franklin Parish School Board members in their individual capacities: Eddie Ray Bryan, Ronnie Hatton, Danny Davis, Richard Kelly, Louise Johnson, Tim Eubanks, and Dorothy

Brown (collectively "the School Board Members"). [doc. #1, pp. 1-2]. Watson is an African American female, and she alleged that she was discriminated against because of her race in violation of Title VII of the Civil Rights Act of 1964 when she was passed over for the position of Principal of Winnsboro Elementary School. [doc. # 1, p. 4-5]. Watson claims that she was qualified in terms of education and experience for the position, and that a less qualified white male candidate, Scott McHand, was hired instead. [doc. # 1, p. 4-6].

On August 17, 2020 the Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [doc. # 5]. The Defendants assert that the claims against the Superintendent and the School Board Members in their individual capacities should be dismissed. [doc. # 5]. The Defendants contend that because the Superintendent and the School Board Members are entitled to qualified immunity, they cannot be liable in their individual capacities under Title VII. [doc. #s 5; 5-1]. Furthermore, Defendants claim that the Superintendent is entitled to statutory immunity from suit against him under Louisiana Revised Statute 17:439. [doc. # 5-1, p. 5-7].

The deadline for Plaintiff to file a response to this motion was September 8, 2020. [doc. # 6]. No response was filed. Accordingly, this matter is ripe.

## Law and Analysis

Dismissal of a claim or complaint is warranted where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A petition states a claim for relief when it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains enough factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556.

A well-pleaded complaint may proceed even if actual proof of the asserted facts is improbable and recovery is unlikely. *Twombly,* 550 U.S. at 556. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *McManus v. Fleetwood Enterprises, Inc.,* 320 F.3d 545, 551 (5th Cir. 2003) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.=" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). However, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989).

**1. Individual Liability under Title VII of the Civil Rights Act of 1964**

In short, there is no liability for individuals under Title VII for monetary damages, and thus Plaintiff's claims under Title VII against Defendants in their individual capacities should be dismissed because they are based on an invalid legal theory. *Clanton v. Orleans Par. Sch. Bd.*, 649 F.2d 1084, 1099 (5th Cir. 1981)(holding that a school board's maternity leave policy violated Title VII, but refused to impose liability for backpay on the individual defendants because it could "find no authority for holding public officials personally liable for backpay under Title VII."); *see also Grant v. Lone Star Co.*, 21 F.3d 649, 651–52 (5th Cir. 1994); *Neitzke*, 490 U.S. at 329-30.

The United States Court of Appeals for the Fifth Circuit has noted that Title VII makes "employer[s]" responsible for monetary damages, whereas 42 U.S.C. § 1983 applies specifically to "person[s]." *Grant*, 21 F.3d at 651–52 (citing *Clanton*, 649 F.2d at 1099). Therefore, only "employers," not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under Title VII. *Id.* at 652. Where an employer is acting as an agent of a state body, municipal body, or private corporation, and liability is premised upon actions taken in the employer's role as agent, any recovery must be against the employer in his official capacity. *See Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir.1990); *Clanton*, 649 F.2d at 1099; *see also Grant,* 21 F.3d at 651-53 (private employer).

Here, although they may be considered "employers,"[1] neither the Superintendent nor the individual School Board Members can be liable individually under Title VII because they are agents of the Franklin Parish School Board. *Harvey*, 913 F.2d at 227; *see also Flot v. Orleans Par. Sch. Bd.*, No. CIV. A. 96-3661, 1998 WL 915864, at *5–6 (E.D. La. Dec. 29, 1998). Since any liability under Title VII is premised upon the Superintendent's and School Board Members' roles as agents of the Franklin Parish School Board, any recovery to be had must be against them in their official, not individual, capacities. *Harvey*, 913 F.2d at 227–28 (citing *Clanton*, 649 F.2d at 1099).

As a threshold matter, the Court notes that, while Plaintiff does name the School Board Members in their individual capacities, Plaintiff does not explicitly allege that the Superintendent

---

[1] Under 42 U.S.C. 2000e(b), an Employer is "a person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b). Under a liberal construction, immediate supervisors are Employers when delegated the employer's traditional rights, such as hiring and firing. *Harvey*, 913 F.2d at 227 (citing *Williams v. City of Montgomery*, 742 F.2d 586 (11th Cir.1984), *cert. denied*, 471 U.S. 1005 (1985)).

and his successor are liable in their individual capacities. Instead, she alleges that the Superintendent and his successor are liable under Title VII and gives the address of the Franklin Parish School Board as the location they can be served, rather than an individual address as she did for the individual School Board Members. [doc. # 1, p. 2]. Thus, Plaintiff has arguably alleged only that the Superintendent and his successor are liable in their official capacities under Title VII. However, to avoid any future litigation on this issue, the Court will address the individual liability of the Superintendent and his successor under Title VII.

The Defendants argue that the Superintendent and School Board Members are shielded from individual liability under Title VII by the doctrine of qualified immunity; however, "[b]ecause the doctrine of qualified immunity protects a public official from liability for money damages in her individual capacity only, the doctrine is inapplicable in the Title VII context." *Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir. 1990)(citing *Mangaroo v. Nelson*, 864 F.2d 1202, 1204 (5th Cir.1989)).[2] Thus, qualified immunity is inapplicable to this case because there is no individual liability under Title VII, and the Plaintiff did not raise any claims under 42 U.S.C. § 1983 or any other statute giving rise to individual liability.

The Defendants also argue that the Superintendent and his successor are protected from liability by statutory immunity under Louisiana Revised Statute 17:439, a state statute granting school employees immunity from civil liability when acting in the course and scope of employment. La. R.S. 17:439; [doc. # 5-1, p. 5-7]. This statute is inapplicable to this case for two reasons. First, like the doctrine of qualified immunity, there is no individual liability under Title VII for this statute to provide immunity from. Second, the Supremacy Clause of the United

---

[2] Every case cited by Defendants to support their argument that qualified immunity should apply involves claims under 42 U.S.C. § 1983.

States Constitution would prohibit a state from passing a law granting immunity from liability under Title VII of the federal Civil Rights Act of 1964.[3] Thus, Louisiana Revised Statute 17:439 is generally inapplicable to provide any immunity from a federal Title VII claim of employment discrimination.

Therefore, any claims under Title VII against the School Board Members and the Superintendent in their individual capacities must be dismissed not because they are entitled to qualified immunity or statutory immunity, but because the suit may proceed against them in their official capacities only.

2. Heightened Pleading Standard under Title VII

The Defendants contend that Plaintiff has not adequately pled her Title VII claim in order to overcome the defense of qualified immunity. However, qualified immunity is inapplicable to Title VII claims, and thus there is no heightened pleading standard. The United States Supreme Court has explicity "rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002) (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283, n. 11, (1976)). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply. *Id.*

---

[3] Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. Thus, "state law that conflicts with federal law is "without effect." *Cipollone v. Liggett Grp., Inc.,* 505 U.S. 504, 516 (1992)(citing *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 427 (1819); *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)). Defendants did not cite a single case where a federal court has granted immunity from liability under a federal statute based on state-created statutory immunity.

Accordingly, Plaintiff needed only meet the ordinary notice pleading requirements to state a claim against the Superintendent and his successor in their official capacities and the Franklin Parish School Board. These requirements "do not require an inordinate amount of detail or precision." *McManus v. Fleetwood Enterprises, Inc.,* 320 F.3d 545, 551 (5th Cir. 2003)(citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000)). Furthermore, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, the Defendants have not argued that Plaintiff's complaint falls below the ordinary notice pleading requirements of Rule 8; rather, they have argued only that she has failed to meet the heightened pleading standard necessary to overcome qualified immunity. [doc. # 5-1, p. 3-5]. Thus, the claims against the Superintendent and his successor in their official capacities remain.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 5-1] be **GRANTED,** and the claims against Superintendent Lanny Johnson and his successor, Eddie Ray Bryan, Ronnie Hatton, Danny Davis, Richard Kelly, Louise Johnson, Tim Eubanks, and Dorothy Brown in their individual capacities be **DISMISSED**, reserving only plaintiff's claims against Superintendent Johnson and his successor in their official capacities.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 2nd day of November, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE